UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN MOFFITT,
        Plaintiff,

v.

D. WINSLOW, et al.,
        Defendants.

Case No. 22-cv-04852-JD

**ORDER RE SERVICE**

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). legal claims

**LEGAL CLAIMS**

Plaintiff alleges that he received inadequate medical care and was denied a lower bunk. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists," but also "must also draw the inference." *Id*. If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition, "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference.... [Prisoner] would have no claim for deliberate medical indifference unless the denial was harmful." *Shapely v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff states that he suffers from severe lower back pain and has difficulty climbing to his top bunk. Defendant Dr. Winslow was his primary care physician for sixteen months but denied proper treatment including denying an orthopedic consultation. In addition, defendant denied plaintiff a lower bunk, despite the pain and difficulty in climbing to a top bunk. These allegations are sufficient to proceed against Dr. Winslow.

## CONCLUSION

1. The Court orders that defendant Dr. D. Winslow be served **ELECTRONICALLY** at San Quentin State Prison. All other defendants are **DISMISSED**.

Service on the listed defendant will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the Court a completed CDCR Report of E-Service Waiver advising the court which defendant listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant declines to waive service or could not be

1  reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the
2  California Attorney General's Office which, within 21 days, will file with the Court a waiver of
3  service of process for the defendant if he is waiving service.
4        Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare
5  for each defendant who has not waived service according to the CDCR Report of E-Service
6  Waiver a USM-205 Form. The Clerk will provide to the USMS the completed USM-205 forms
7  and copies of this order, the summons and the operative complaint for service upon each defendant
8  who has not waived service. The Clerk will also provide to the USMS a copy of the CDCR
9  Report of E-Service Waiver.
10       2.      To expedite the resolution of this case, the Court orders:
11       a.      No later than sixty days from the date of service, defendant will file a
12 motion for summary judgment or other dispositive motion. The motion will be supported by
13 adequate factual documentation and will conform in all respects to Federal Rule of Civil
14 Procedure 56, and will include as exhibits all records and incident reports stemming from the
15 events at issue. If defendant is of the opinion that this case cannot be resolved by summary
16 judgment, he will so inform the Court prior to the date his summary judgment motion is due. All
17 papers filed with the Court will be promptly served on the plaintiff.
18       b.      At the time the dispositive motion is served, defendant will also serve, on a
19 separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-
20 954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).
21 *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be
22 given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed,
23 not earlier); *Rand* at 960 (separate paper requirement).
24       c.      Plaintiff's opposition to the dispositive motion, if any, will be filed with the
25 Court and served upon defendant no later than thirty days from the date the motion was served
26 upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
27 provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
28 and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

4

If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

   d. If defendant wishes to file a reply brief, they will do so no later than fifteen days after the opposition is served upon him.

   e. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. All communications by plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 14, 2023

                _____
                JAMES DONATO
                United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.